**\*\*E-filed 3/8/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISION,

    Plaintiff,

  v.

DARRYL LAMONTH CLARK,

    Defendant.
_____/

No. C 09-3423 RS

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

THIS MATTER is before the Court on the motion of plaintiff Securities and Exchange Commission ("SEC") for default judgment. For the reasons stated below, the motion will be granted and default judgment will be entered against the defendant, Darryl Lamonth Clark.

## II. BACKGROUND

The SEC filed this action against Clark in July of 2009, for allegedly violating the antifraud and registration provisions of the federal securities laws through his participation in a ponzi-like scheme perpetrated by Terchi "Nelson" Liao and two entities Liao controlled, AOB Commerce, Inc. and AOB Asia Fund I, LLC (collectively "AOB").

The complaint avers that from at least mid-2004 to July 2007, AOB and several related entities raised more than $45 million from the unregistered offer and sale of securities in the form of

promissory notes that, in many cases, paid guaranteed interest up to 5.5% per month to hundreds of investors in several states.  Although AOB purported to be in the business of making loans to companies in Asia, investor proceeds were used primarily to pay principal and interest on the notes, pay commissions, and make undisclosed loans to entities affiliated with AOB.

Clark participated in the offer and sale of the notes.  In so doing, he failed to conduct adequate due diligence into the notes, participated in the creation of a brochure disseminated to investors that contained misleading statements, and failed to associate with a registered broker-dealer while involved in the sale of the notes.  The complaint details how Clark's conduct violated the antifraud, securities registration, and broker-dealer registration provisions of the federal securities laws.

Summons and complaint were personally served on Clark by a registered process server. See Dkt. No. 4.  Clark failed to answer or respond to the Complaint and on September 11, 2009, the Clerk entered a default against him at the SEC's request.  Clark did not appear at the hearing of this motion for entry of default judgment.

### III.  STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion.  See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As to damages, when the damages claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).

## IV.  DISCUSSION

In this case, the *Eitel* factors strongly weigh in favor of granting the SEC's motion for default judgment.  The allegations in the complaint, taken as true, establish the existence of violations of securities law. The amount of damages is reasonably certain, as the SEC has provided a well-supported calculation based on a tallying of bank records obtained from the receiver of AOB's assets showing amounts Clark received from AOB, adding an additional $10,000 Clark admitted having been paid in cash, and subtracting sums he arguably invested.  This calculation results in an disgorgement figure totaling $779,849.09.  Although that is a substantial sum, the allegations that Clark obtained such monies from innocent investors must be taken as true.

Under these circumstances, the policy favoring decisions on the merits must yield to the SEC's right to a judicial determination of its claims.  The SEC has also presented sufficient authority and facts to warrant imposition of injunctive relief.   Judgment for the SEC will therefore be entered in the principal amount of $779,849.09, together with a permanent injunction restraining Clark from engaging in future securities violations.

The SEC has also established an entitlement to prejudgment interest in the amount of $99,044.14, as of December 23, 2009, and continuing to accrue at the daily rate of $117.52 thereafter.  Accordingly, the total prejudgment interest that will be awarded through the date of this order and the judgment filed herewith is $107,858.14 ($99,044.14 + $117.52 x 75).

Finally, the SEC requests imposition of a civil penalty.   The Court is satisfied that the complaint gave Clark fair notice that such a penalty would be imposed upon proof of the allegations, and that given the nature of the conduct alleged, presumed true, the highest penalty level provided by the statute is warranted.  Accordingly, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] a penalty in the amount of $130,000 will be imposed.

## V.  CONCLUSION

The motion is granted.  The SEC's proposed judgment, modified to reflect the prejudgment interest calculation as set forth above, will be entered herewith.

IT IS SO ORDERED.

Dated:  March 8, 2010



RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE